IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-393 T
(Judge Baskir)

OLD REPUBLIC LIFE INSURANCE COMPANY,
Plaintiff,
v.

THE UNITED STATES,
Defendant.

# ANSWER

The defendant, the United States, denies each of the allegations in the complaint except those that are expressly admitted below. In further answer to the complaint, the defendant:

1. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the complaint.

2. Admits the allegation in paragraph 2 of the complaint.

3. Denies that the defendant breached an agreement to pay an account stated between the plaintiff and the defendant; denies that additional statutory interest is due to the plaintiff; denies that the defendant

failed to compute or pay the correct statutory interest to the plaintiff; and admits the other allegations in paragraph 3 of the complaint.

4. Avers that 28 U.S.C. § 1491 confers jurisdiction upon this Court, to the extent jurisdiction exists.

5. Avers that the plaintiff's 1979 consolidated federal income tax return is stamped as received on December 18, 1980; states that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegation that the return was filed in a timely manner on or about September 15, 1980; and admits the other allegations in paragraph 5 of the complaint.

6.-7. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 6 and 7 of the complaint.

8.-9. Admits the allegations in paragraphs 8 and 9 of the complaint.

10. Admits the allegations in the first two sentences of paragraph 10 of the complaint; and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence.

11. Admits the allegations in paragraph 11 of the complaint.

12.-13. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 12 and 13 of the complaint.

14. Admits the allegations in the first two sentences of paragraph 14 of the complaint; but avers that the Third Amended 1979 Return reports deductions increased by $2,242,368.

15. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint.

16. Admits the allegations in paragraph 16 of the complaint.

17.-18. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 17 and 18 of the complaint.

19. Admits the allegations in paragraph 19 of the complaint.

20. Admits that the plaintiff and the IRS executed a series of Forms 907; avers that the Forms 907 contained in the IRS's administrative file extend the time to bring suit only to June 30, 2000; and states that its attorneys now lack knowledge or information sufficient to form a belief as

to the truth of the allegation that the period was extended to September 30, 2001.

21.-22. Admits the allegations in paragraphs 21 and 22 of the complaint.

23. Admits the allegations in the first two sentences of paragraph 23 of the complaint; but states that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegation in the third sentence.

24.-26. Admits the allegations in paragraphs 24 through 26 of the complaint.

27. Avers that the attached Audit Statement speaks for itself; admits that the plaintiff has generally restated the information on Schedule 3 of the Audit Statement; but notes that the Schedule does not show whether the taxpayers filed consolidated or separate returns.

28.-30. Admits the allegations in paragraphs 28 through 30 of the complaint.

31. Admits that on May 15, 2000, the IRS scheduled an overpayment of $69,655 for the plaintiff's consolidated 1979 tax year.

32. Avers that on June 5, 2000, the IRS abated a penalty of $2,143.44 for the plaintiff's 1979 tax year and also abated assessed interest of $10,114.57.

33. Admits the allegations in the first sentence of paragraph 33 of the complaint; and states that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

34.-35. Admits the allegations in paragraphs 34 and 35 of the complaint.

36. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the complaint.

37.-39. Admits the allegations in paragraphs 37 through 39 of the complaint.

40. Denies the allegation in paragraph 40 of the complaint.

41. Admits that the plaintiff attached a computation of interest to its complaint as Exhibit F; denies that Exhibit F is a correct computation of interest; and denies that interest is due to the plaintiff.

42. Denies the allegations in paragraph 42 of the complaint.

43. Admits the allegations in the third sentence of paragraph 43 of the complaint; admits that the plaintiff has surmised various speculations regarding what it considers to be an underpayment of interest; but denies that the plaintiff's speculations are correct.

44.-46. Avers that paragraphs 44 through 46 of the complaint make assertions of law, which require no response.

47. Admits the allegations in paragraph 47 of the complaint.

48. Avers that paragraph 48 of the complaint asserts a legal conclusion, which requires no response.

49.-50. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 49 and 50 of the complaint.

51.-53. Avers that paragraphs 51 through 53 of the complaint assert legal conclusions, which require no response.

54. Admits that the plaintiff has attached as Exhibit G a purported computation of interest in the form described in the first sentence of paragraph 54 of the complaint, but denies that the IRS used an "offset" in its own computation; admits the allegations in the second sentence, but denies that a balance is due to the plaintiff; admits that the computation

shows a balance due to the plaintiff as described in the third sentence, but denies that there is any balance due to the plaintiff; and admits that Exhibit F computes statutory interest as described in the fourth and fifth sentences, but denies that any statutory interest is due to the plaintiff.

55. Denies that the IRS used an "offset" when computing interest due to the plaintiff; denies that the plaintiff is entitled to a "counteroffset"; and admits the other allegations in paragraph 55 of the complaint.

56. Denies that the plaintiff is entitled to additional statutory interest; and denies that the IRS reduced its earlier payments with offsets of barred items.

57. Admits that Exhibit F computes statutory interest as described in paragraph 57 of the complaint; denies that any statutory interest is due to the plaintiff; and denies that the IRS understated the statutory interest it has paid to the plaintiff.

58. Denies the allegations in paragraph 58 of the complaint.

59. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the complaint.

WHEREFORE the defendant asks the Court to dismiss the plaintiff's complaint with prejudice.

Respectfully submitted,

s/ Robert Stoddart

ROBERT STODDART
Attorney of Record
U.S. Justice Department, Tax Division
Court of Federal Claims Section
P.O. Box 26, Ben Franklin Station
Washington, D.C. 20044
TEL: (202) 307-6445
FAX: (202) 514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

s/ Mary M. Abate

Of Counsel

September 11, 2006