IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-393 T
(Judge Baskir)

OLD REPUBLIC LIFE INSURANCE COMPANY,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

# JOINT PRELIMINARY STATUS REPORT

Pursuant to paragraph 4 of RCFC, Appendix A, the parties submit the following information:

a. Jurisdiction. The parties believe that the Court has jurisdiction of the case.

b. Consolidation. The parties know of no case in this Court with which this case should be consolidated.

c. Bifurcation of trial. Separate trials on the questions of liability and damages are unnecessary.

d. Deferral of proceedings. The parties know of no reason why proceedings should be deferred.

e. Remand or suspension. Not applicable.

f. Additional parties. There are no additional parties.

g. Dispositive motions. The plaintiff and the defendant have produced different computations of an amount of interest due to the plaintiff. They have been exchanging explanations and computations in an effort to understand and resolve the dispute. If the parties cannot reach an understanding between themselves, however, they believe they will be able to present the issues (once they are sufficiently clarified) to the Court in cross-motions for summary judgment.

h. Issues.

The issue is whether the plaintiff is entitled to additional overpayment interest on an overpayment.

As the Court requested in paragraph 4 of its Order of June 5, 2006, the parties attach their most recent calculations as an appendix: Exhibit A is the plaintiff's calculation, and Exhibit B is the defendant's.

i. Settlement. Until discovery is complete, the parties will not be able to evaluate settlement possibilities.

j. Trial. The parties now believe that this case can be resolved without trial, either by mutual understanding or by dispositive motions.

k. Special issues regarding electronic case management needs. The parties know of no such issues.

l. Other information. The parties now know of no other information of which the Court should be aware.

Discovery Plan

Paragraph 5 of Appendix A, RCFC, and paragraph 4 of the Order of June 5, 2006, require the parties to set forth a proposed discovery plan.

At their early meeting, counsel discussed the parties' discovery needs and the way those needs can be satisfied without undue burden. Because the parties are still trying to focus on the exact nature of their disagreement, they cannot yet specify the sorts of discovery that may be necessary. They suggest an initial period of six months in which they can continue to discuss the issues and exchange information. At the conclusion of that period, they will file a joint status report suggesting further procedures.

The plaintiff's attorney has authorized the defendant's trial attorney to submit this document electronically as a joint filing.

Respectfully submitted,

s/ Thomas C. Walsh

THOMAS C. WALSH
Lord Bisssell & Brook, LLP.
111 South Wacker Drive
Chicago, IL 60606-4410
TEL: (312) 443-0621
FAX: (312) 896-6621

Attorney for the Plaintiffs

s/ Robert Stoddart

ROBERT STODDART
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
TEL: (202) 307-6445
FAX: (202) 514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

s/ Mary M. Abate
Of Counsel

Attorneys for the Defendant

October 26, 2006